## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **ELIZABETH VARON, individually, and on behalf of all others similarly situated,** | |
| **Plaintiff,** | **Case No.** |
| **v.** | |
| **UBER TECHNOLOGIES, INC. and RAISER, LLC[1],** | |
| **Defendants.** | |

## NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1332(a)(1), 1332(d), 1441, 1446 and 1453, Defendants Uber Technologies, Inc. ("Uber") and Rasier, LLC ("Rasier") (collectively, "Defendants"), hereby remove this action from the Circuit Court for Baltimore County, Maryland to the United States District Court for the District of Maryland – Northern Division. The grounds for removal are as follows:

### I.     PROCESS, PLEADINGS AND ORDERS

1.      On or about September 22, 2015, Plaintiff Elizabeth Varon ("Plaintiff") commenced a civil action in the Circuit Court for Baltimore County, Maryland (the "Complaint"), where the case was assigned Case No. 03-C-15-010201 OT. A true and correct copy of the Writ of Summons and Complaint are attached at **Exhibit A**.

2.      Plaintiff served Defendants with a Writ of Summons and Complaint on October

---

[1]     Rasier, LLC was misspelled in Plaintiff's Complaint filed in the Circuit Court for Baltimore County, Maryland. The LLC is actually called "Rasier," not "Raiser" LLC.

30, 2015.  A true and correct copy of the Service of Process Summary Transmittal Sheet verifying service on Uber is attached at **Exhibit B**.  A true and correct copy of the Service of Process Summary Transmittal Sheet verifying service on Rasier is attached at **Exhibit C**.

3.       The Complaint alleges that following causes of action: (i) tortious interference with contract; (ii) breach of contract; (iii) unjust enrichment; (iv) conversion; (v) fraud and misrepresentation); and (vi) violations of Maryland Labor Law, including: failure to pay reasonable employment related expenses, unlawful retention of gratuities, and failure to pay minimum wage and overtime.  (Complaint, ¶ 1.)  In her Complaint, Plaintiff alleges that "Defendant Raiser [sic] is a subsidiary of Uber and is the equivalent of Uber for the purposes of this action." (Complaint, ¶ 6.)

4.       Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all process, pleadings and orders served upon Defendants or filed or received in this action by Defendants.

**II.      VENUE**

5.       Pursuant to 28 U.S.C. §§ 1441(a), this state court action, which was commenced in the Circuit Court for Baltimore County, Maryland, may be removed to the United States District Court for the District of Maryland – Northern Division, because this Court is the federal district court which includes Baltimore County, Maryland within its jurisdiction.

**III.     DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)**

6.       Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

**A.      Diversity of Citizenship Exists**

7.       For diversity purposes, "an individual is a citizen of the state where the person is

domiciled, which 'requires physical presence, coupled with an intent to make the State a home.'" *Bochenski v. M&T Bank*, 2014 U.S. Dist. LEXIS 99162, at *6 (D. Md. Jul. 21, 2014) (quoting *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008)). "The place where a man lives is properly taken to be his domicile until facts adduced establish to the contrary." *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941); *see also Johnson v. Xerox Educ. Solutions LLC*, 2014 U.S. Dist. LEXIS 148817, at *5-6 (D. Md. Oct. 20, 2014) ("[A]n individual's residence at the time a lawsuit is commenced provides *prima facie* evidence of his domicile.") Plaintiff alleges that she "is a citizen of Maryland and a resident of Baltimore County." (Complaint, ¶ 4.) Accordingly, Plaintiff is a citizen of Maryland for purposes of diversity jurisdiction.

8.      For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the State in which it was incorporated and the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hill v. Westminster/Westminster Mgmt.*, LLC, 2015 U.S. Dist. LEXIS 146708, at *6 (D. Md. Oct. 29, 2015) ("When a party is a corporation, courts may use the principal place of business or state of incorporation to determine citizenship.")

9.      Defendant Uber is incorporated in the State of Delaware, and its principal place of business is San Francisco, California.   (Declaration of Michael Colman in Support of Defendants' Removal of Civil Action from State Court ("Colman Decl."), dated November 24, 2015, ¶ 2, attached at **Exhibit D**.)  Accordingly, Uber is a citizen of Delaware and California, and not Maryland, for diversity purposes. 28 U.S.C. §§ 1332(a)(1), (c)(1).

10.     Defendant Rasier is a wholly owned subsidiary of Uber.  Rasier is a Delaware limited liability company, and its principal place of business is in San Francisco, California. (Colman Decl., ¶ 2.)  Rasier's sole member is an employee of Uber who works at Uber's Headquarters in San Francisco and is a citizen of California. (Colman Decl., ¶ 2.)  Accordingly,

Rasier is a citizen of California, and not Maryland, for diversity purposes. *Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members.")

> **B.      The Amount in Controversy Exceeds $75.000**

11.      Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," and a removing defendant need only establish that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1446(c). Here, Plaintiff's Complaint does not allege a specific amount in controversy, but states that, in addition to interest and costs, Plaintiff seeks to recover compensatory, punitive, treble damages, and attorneys' fees and costs. (Complaint, p. 11.)

12.      For jurisdictional purposes, "[c]ourts generally determine the amount in controversy by reference to the Plaintiff's complaint." *Johnson*, 2014 U.S. Dist. LEXIS at *7 (citing *Wiggins v. North Amer. Equitable Life Ass. Co.*, 644 F.2d 1014, 1016-17 (4th Cir. 1981)).

13.      Although Defendants deny the validity and merit of Plaintiff's claims and allegations, and deny that Plaintiff is entitled to any relief, Plaintiff's claims establish an amount in controversy in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs.

14.      For example, Plaintiff alleges that "[i]n June of 2015, for approximately three (3) months," she drove "forty (40) to fifty (50) hours per week," and that she "continues to drive for Uber but has significantly reduced her hours per week." (Complaint, ¶ 21.) In addition to minimum wages, overtime and tips, Plaintiff alleges that she is entitled to "employment related

expenses," which she claims included "gas, tolls, car repairs, and lease payments." (Complaint, ¶¶ 19, 22-23, 58.) Conservatively estimating that Plaintiff averages $75-100 per week in expenses, her claim for "employment related expenses" is currently valued between $2,100 and $2,800.[2] Trebled, as Plaintiff seeks, the amount in controversy is between **$6,300** and **$8,400**.

15.     Plaintiff also alleges that Defendants improperly withheld gratuities from her that she otherwise would have withheld from riders. (Complaint, ¶¶ 29, 44 and 46.) Conservatively estimating that Plaintiff could have made two trips during each of the hours she claimed she worked, and conservatively estimating a claimed gratuity of $3 per trip, puts an additional amount of $3,240 into controversy for the three month period where Plaintiff alleges she drove "forty (40) to fifty (50) hours per week."[3] Based on Plaintiff's allegation that she "continues to drive for Uber but has significantly reduced her hours per work," it is appropriate to assume that Plaintiff drives on average 20 hours per week. This adds $1,440 to the amount in controversy.[4] Trebled, as Plaintiff seeks, the amount in controversy for this claim is **$14,040**.[5]

16.     Plaintiff also alleges that Defendants inappropriately deducted a $1 "safe ride" fee from each fare. (Complaint, ¶ 20.) Using the same conservative estimates above, the amount alleged would be $1,560.[6] Trebled, as Plaintiff seeks, the amount at issue is **$4,680**.

---

[2]     $75 x 28 weeks (June 1, 2015 to November 30, 2015) = $2,100; $100 x 28 weeks (June 1, 2015 to November 30, 2015) = $2,800.

[3]     45 hours per week x 2 trips per hour x $3 in tips per trip x 12 weeks (June 1, 2015 through August 31, 2015) = $3,240.

[4]     20 hours per week x 2 trips per hour x $3 in tips per trip x 12 weeks (September 1, 2015 through November 30, 2015) = $1,440.

[5]     $3,240 plus $1,440 = $4,680 x 3 = $14,040.

[6]     For the period June 1, 2015 to August 31, 2015 (45 hours per week x 2 trips per hour x 12 weeks x $1 safe ride fee = $1,080.) For the period September 1, 2015 to November 30, 2015 (20 hours per week x 2 trips x 12 weeks x $1 safe ride fee = $480.)

17.     In addition, Plaintiff seeks attorneys' fees, which may be considered as part of the jurisdictional amount where statutes or contractual provisions transform the fees into substantive rights to which litigants are entitled.  *See Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013); *Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983); *Rojas-Roberts v. Ocwen Loan Servicing, LLC*, 2015 U.S. Dist. LEXIS 112110, at *7 (D. Md. Aug. 25, 2015) ("Attorney's fees, as opposed to interests and costs, may be included in determining the jurisdictional amount in controversy."); *Burdette v. ReliaStar Life Ins. Co.*, 2006 U.S. Dist. LEXIS 38932, at *5 (S.D.W. Va. June 12, 2006).  Here, Plaintiff has asserted a claim for minimum wage and overtime under Maryland law, which statutes provide for the recovery of attorney's fees, Md. Code Ann., Lab. & Empl. §§ 3–507.2(b)(1), 3–427(d), and those fees must therefore be included in determining the amount in controversy.

18.     When considering attorneys' fees, the Court is not limited to the fees accrued at the time of removal.  Rather, "courts may consider future attorneys' fees in determining whether the jurisdictional limit has been met." *Williams v. Bank of N.Y. Mellon*, 2013 U.S. Dist. LEXIS 77364, at *7 (D. Md. June 3, 2013) (citing *Francis v. Allstate Ins. Co.*, 869 F. Supp. 2d 663, 670 (D. Md. 2012).  Litigation of this action through trial would require Plaintiff to incur attorneys' fees that may surpass the $75,000 amount in controversy requirement, alone.  For example, using a conservative assumption that Plaintiff would seek fees at a rate of $250 per hour, Plaintiff would only be required to establish 300 total hours of attorney work to reach the $75,000 threshold.

19.     Plaintiff also specifically seeks punitive damages, which may be considered in determining whether the amount in controversy exceeds $75,000. *See, e.g., Steele v. Singh*, 2015 U.S. Dist. LEXIS 92974, at * 9 (D. Md. ("It is well established that 'punitive damages may be

aggregated with other damages to satisfy the amount-in-controversy requirement.'") The possibility of such damages, together with Plaintiff's other potential damages, puts the amount in controversy in this action over the jurisdictional minimum of $75,000.

20.     Plaintiff also seeks minimum wage and overtime.  (Complaint, ¶ 58.)

21.     Based on the foregoing, Plaintiff's claims exceed $75,000.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

## IV.    CAFA JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d)

22.     Removal jurisdiction exists because this Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  CAFA grants federal district courts "original jurisdiction of any civil action in which the manner in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.  As set forth below, this case meets the CAFA requirement for removal, and is timely and properly removed by the filing of this Notice.  Specifically, this Court has jurisdiction over this case under CAFA because it is a putative civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendants are not a state, state official, or other governmental entity; (3) there is diversity between at least one class member and one defendant; and (4) the amount in controversy for all class members exceeds $5,000,000.

23.     As a preliminary matter, Plaintiff purports to bring this case as a class action on behalf of herself and all others similarly situated pursuant to Rule 2-231 of the Maryland Rules of Civil Procedure.  This statute authorizes an action to be brought by one or more representative

persons as a class action.  Md. R. 2-231(a).  As such, this action is properly considered a putative class action under CAFA.

### A.      The Proposed Class Contains At Least 100 Members

24.      Plaintiff defines the putative class as "all other similarly situated Uber drivers." (Complaint, ¶ 9.)   A preliminary investigation has revealed that no fewer than 17,268 individuals, including Plaintiff, have completed at least one trip using Defendants' software application to generate leads in Maryland between November 11, 2012 (the date Defendants launched its software application in Maryland) and the present.   (Colman Decl., ¶ 3.) Accordingly, the putative class contains more than 100 members.

### B.      Defendants Are Not Governmental Entities

25.      Defendant Uber is incorporated in the State of Delaware, and its principal place of business is San Francisco, California.  (Colman Decl., ¶ 2.)  Rasier is a Delaware limited liability company, and its principal place of business is in San Francisco, California.  (Colman Decl., ¶ 2.) Neither Defendant is a state, state official or any other governmental entity.  (Colman Decl., ¶ 2.)

### C.      Plaintiff's Citizenship Is Diverse From Defendants' Citizenship.

26.      CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of Plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. §§ 1332(d)(2)(A), 1453(b).  As addressed above, Plaintiff is a resident of Maryland and Defendants are residents of Delaware and/or California.  Accordingly, diversity of citizenship exists.

### D.      Amount in Controversy

27.      In reference to the allegations in the Complaint, Defendants need only establish that Plaintiff's claims and the claims of the putative class exceed the jurisdictional minimum. CAFA authorizes the removal of putative class actions in which, among the other factors mentioned above, the aggregate amount in controversy for all class members exceeds five

million dollars ($5,000,000). *Sayre v. Westlake Servs.*, 2015 U.S. Dist. LEXIS 103738, at *18 (D. Md. Aug. 7, 2015) ("To determine whether CAFA's $5 million jurisdictional minimum is satisfied, a district court looks to the aggregated value of the putative class members' claims, excluding interest and costs from the calculation.") (citing 28 U.S.C. § 1332(d)(6)). Although Defendants deny the validity and merit of Plaintiff's claims and allegations, and vigorously deny that (i) Plaintiff and putative class members are entitled to any relief; and (ii) Plaintiff is representative of the putative class, the damages claimed clearly exceed the jurisdictional minimum.

28.     Specifically, Plaintiff alleges that she is entitled to recover gratuities for each trip she performed. (Complaint, ¶¶ 1, 29, 31, 34, 42-44, 46-47 and 50.) Plaintiff claims she earned approximately "$300 to $350 per week" using the Uber software platform. (Complaint, ¶ 22.) Assuming that Uber retained a 20% gratuity from Plaintiff's gross weekly earnings, then Plaintiff is claiming entitlement to $780 in withheld gratuities over just a twelve week period.[7] To the extent Plaintiff is claiming that Defendants allegedly withheld just 10% from Plaintiff's gross weekly earnings, she is seeking at least $390 in withheld gratuities.[8] Accordingly, accounting for nothing other than this component of Plaintiff's claimed damages, the putative class seeks to recover at least $6,734,520, and as high as $13,469,040.[9] Accordingly, on this claim alone, Defendants have satisfied the jurisdictional threshold. This amount does not account for

---

[7]     The average weekly earnings claimed by Plaintiff equal $325. (Complaint, ¶ 22.) Twenty percent of $325 equals $65 and, therefore, the alleged withheld gratuities equal $780 over a twelve week period. (Complaint, ¶ 21 – "In June of 2015, for approximately three months, Plaintiff . . . worked as an 'UberX' driver.")

[8]     The average weekly earnings claimed by Plaintiff equal $325. (Complaint, ¶ 22.) Ten percent of $325 equals $32.50 and, therefore, the alleged withheld gratuities equal $390 over a twelve week period. (Complaint, ¶ 21 – "In June of 2015, for approximately three months, Plaintiff . . . worked as an 'UberX' driver.")

[9]     $390 multiplied by 17,268; $780 multiplied by 17,268.

Plaintiff's claims for unpaid minimum wage and overtime, treble damages and/or attorneys' fees, all of which Plaintiff claims the putative class is entitled to recover.

29.     Based on the foregoing, the CAFA amount in controversy is easily satisfied here, even without taking into consideration all of Plaintiff's various claims.

## V.     COMPLIANCE WITH PROCEDURAL REQUIREMENTS

30.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed on November 30, 2015, which is within thirty days of Defendants' receipt of the Complaint.

31.     In accordance with 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Filing of Notice of Removal is attached hereto at **Exhibit E**.  This Notice of Filing of Notice of Removal, along with the Notice to Plaintiff of Removal of Action, will be filed in the Circuit Court for Baltimore County, Maryland, where this action was filed and has been pending.

32.     In accordance with 28 U.S.C. § 1446(d), a true and correct copy of the Notice to Plaintiff of Removal of Action is attached hereto at **Exhibit F**.  This Notice to Plaintiff of Removal of Action, along with the Notice of Filing of Notice of Removal ad this Notice of Removal, will be served upon Plaintiff in accordance with 28 U.S.C. § 1446(d).

## VI.    CONCLUSION

WHEREFORE, having fulfilled all statutory requirements, Defendants move this action from the Circuit Court for Baltimore County, Maryland to this Court, and request that this Court assume full jurisdiction over this matter as provided by law.

Date: November 30, 2015

Respectfully submitted,

LITTLER MENDELSON, P.C.

S. Libby Henninger (Bar No. 17389)
lhenninger@littler.com
Ethan D. Balsam (Bar No. 18761)
ebalsam@littler.com
1150 17th Street N.W., Suite 900
Washington, DC  20036
Tel: 202.842.3400
Fax: 202.842.0011

*Counsel for Defendants*
*Uber Technologies, Inc. and Rasier, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 30, 2015, a copy of the foregoing Notice of Removal

of Civil Action was served by first class mail, postage prepaid, upon the following:

> Brittany Weiner, Esq.
> Imbesi Law P.C.
> 450 Seventh Avenue, Suite 1408
> New York, New York 10123

> Marie Napoli, Esq.
> Napoli Law PLLC
> 1301 Avenue of the Americas, 10th Floor
> New York, New York 10019

> George Tankard, Esq.
> 400 East Pratt Street, Suite 849
> Baltimore, Maryland 21202

> *Attorneys for Plaintiff*

I further certify that, pursuant to 28 U.S.C. § 1446(d), on November 30, 2015, a copy of

the foregoing Notice of Removal was served by hand delivery upon the following:

> Clerk of the Court
> Baltimore County Circuit Court
> County Courts Building
> 401 Bosley Avenue
> Towson, Maryland 21285

S. Libby Henninger

12.