IN THE CIRCUIT COURT FOR
BALTIMORE COUNTY, MARYLAND

RECEIVED AND FILED

-----------------------------------------------------------------X

ELIZABETH VARON , individually, and on behalf of
all others similarly-situated,

Plaintiff,

v.

UBER TECHNOLOGIES, INC and RAISER, LLC,

Defendants.

-----------------------------------------------------------------X

Case No:

**Class Action**

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

Plaintiff ELIZABETH VARON, by and through her attorneys, Napoli Law PLLC and

Imbesi Law PC, brings this action on behalf of herself and all other individuals who have been

employed by or who are currently employed by Defendants UBER TECHNOLOGIES INC.

("Uber") and RAISER LLC ("Raiser"), an Uber subsidiary, (collectively, "Defendants" or

"Uber"), as drivers in the State of Maryland.  Plaintiff seeks damages and other appropriate relief

for claims arising out of Uber's conduct that violated and continues to violate applicable

common law and Maryland Labor Law.

## INTRODUCTION

1.      Plaintiff brings this putative class action against Uber on her own behalf and on

behalf of others similarly situated alleging injuries sustained as a direct and proximate result of

Uber's violations of Maryland common law and Maryland Labor Law, including without

limitation, Uber's (i) failure to pay reasonable employment related expenses incurred by

Plaintiffs; (ii) unpaid minimum wages in violation of Maryland Labor Law § 3-413; (iii) unpaid

overtime compensation in violation of Maryland Labor Law § 3-415; (iv) unlawful withholding

of gratuities intended for its drivers but that Uber retained; (v) tortious interference with contract;

(vi) breach of contract; (vii) unjust enrichment; (viii) conversion; (ix) fraud; and (x) intentional and/or negligent misrepresentation.

2.       Plaintiff alleges that Uber has failed to and continues to fail to comply with Maryland Labor Law requirements due to its misclassification of drivers as independent contractors rather than employees.

3.       Plaintiff seeks damages and other appropriate relief on behalf of herself and other similarly situated aggrieved individuals who have worked for or who are currently working for Defendants.

## PARTIES

4.       Plaintiff ELIZABETH VARON is citizen of the Maryland and resident of Baltimore County. Plaintiff previously worked for Uber as a driver.

5.       Defendant Uber, is a foreign corporation headquartered in San Francisco, California. Defendant is authorized to conduct business and does conduct business throughout the State of Maryland.

6.       Defendant Raiser is a subsidiary of Uber and is the equivalent of Uber for the purposes of this action.

7.       At all relevant times, Uber was Plaintiff's "employer" within the meaning of all applicable statutes.

8.       At all relevant times, the work performed by Plaintiff and similarly situated employees was directly essential to Uber's business operations.

## CLASS ALLEGATIONS

9.       Plaintiff brings this proposed Class action pursuant to Maryland ("Md.") Rule 2-231, on behalf of herself and all other similarly situated Uber drivers.

10.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.  Excluded from the Class are Defendants and their affiliates, parents, subsidiaries, employees, officers, agents, and directors; government entities or agencies, their affiliates, employees, officers, agents, and directors in their governmental capacities; any judicial officer presiding over this matter and the members of their immediate families and judicial staff; and class counsel.

11.     This action is properly maintainable as a class action pursuant to Md. Rule 2-231. As set forth in Md. Rule 2-231, the proposed Class "is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable," and "there are questions of law or fact common to the Class which predominate over any questions affecting only individual members." *Id.*

12.     Among the questions of law and fact that are common to the class include, but are not limited to:

a.  Whether Defendants have charged customers a gratuity for class members' services;

b.  Whether Defendants kept and failed to distribute the total proceeds of those gratuities to the class members, thereby unjustly enriching Defendants;

c.  Whether Defendants have informed customers that gratuity is included in the price of the Uber service, and that therefore, customers should not tip Uber's drivers;

d.  Whether class members have suffered damages as a direct and proximate result of Uber's affirmative representation to customers that customers should not tip

Uber's drivers because, among other reasons, Uber's drivers receive gratuities within the total purchase price of the drive;

e.  Whether Defendants have misclassified Uber's drivers (class members) as independent contractors as opposed to employees, thereby avoiding the protections afforded employees under applicable Maryland Labor laws;

f.  Whether class members have been required to pay and have paid the expenses of their employment, including without limitation, the cost of vehicle repairs, gas, and toll fees;

g.  Whether Uber unlawfully denied recompense of those expenses incurred by its drivers; and

h.  Whether class members were denied employee benefits as required by law.

13.  Md. Rule 2-231 requires that the proposed representative Plaintiff's claims be typical of those of the proposed Class, and that the proposed representative Plaintiff's claims for damages be based upon the same legal theories. Here, the proposed representative Plaintiff's grievances, like the proposed Class grievances, arise out of the same business practices and course of conduct of Defendants. Plaintiff's and the putative class members' damages also arise out of a pattern of nearly identical and repetitive business practices conducted by Defendants with respect to all members of the Class. And, Plaintiff and the proposed Class have suffered the same or similar types of damages as a result of Uber's conduct. Accordingly, there are common questions of law and fact that apply to all members of the Class. The representative Plaintiff has no special circumstances that would put her in conflict with the other members of the Class.

14.  As provided by Md. Rule 2-231, the representative Plaintiff can adequately and fairly represent the Class and the Class is so numerous that joinder of all members is

4

impracticable.  No conflict of interest exists between the representatives and the Class members or with respect to the claims for relief requested.

15.     The representative and her chosen attorneys are familiar with the subject matter of the lawsuit and have full knowledge of the allegations contained in this complaint so as to be able to assist in its prosecution.  In addition, the representative's attorneys are competent in the relevant areas of the law, and have sufficient experience to vigorously represent the Class. Furthermore, the resources available to Class counsel ensure that this litigation will not be hampered by a lack of financial capacity, because  Plaintiff's attorneys have sufficient financial resources and are willing to absorb the costs of this litigation.

16.     As provided by Md. Rule 2-231, a class action is superior to any other available method for adjudicating this controversy.  This proposed class action is the surest way to fairly and expeditiously compensate so large a number of injured persons, to keep the courts from becoming paralyzed by hundreds, perhaps thousands of repetitive cases, and to reduce transaction costs so that the injured Class can obtain the most compensation possible.  For these reasons, Class treatment of this controversy presents a superior mechanism for fairly resolving similar issues and claims without repetitious and wasteful litigation.

## JURISDICTION AND VENUE

17.     This Court has personal jurisdiction over Defendants pursuant to Cts. & Jud. Proc. § 6–103 because Defendant Uber is a foreign business corporation that is authorized to conduct business in the State of Maryland, does conduct business in Maryland, and the causes of action herein arose in the State of Maryland.  Defendant Raiser is a foreign business corporation that is authorized to conduct business in the State of Maryland, and does conduct business in the State of Maryland, as a wholly owned Uber subsidiary.

18.    Venue is proper in this case pursuant to Cts. & Jud. Proc. § 6–201 because the causes of action arose in (among other counties) Baltimore County.

## STATEMENT OF FACTS

19.    Uber compensates its drivers weekly.  Uber takes a percentage of the total fare charged for a given customer drive.  Uber's driver receives the remainder of the fare.  Because Uber classifies its drivers as independent contractors, Plaintiff had to pay expenses, including gas, tolls, car repairs, and lease payments, from that remainder.

20.    Uber also deducts a $1 "safe ride" fee from each fare which is allegedly used to pay for background checks, driver safety education and development of safety features in its mobile application – an expense the employer (Uber) should pay, not the employee (Uber's drivers).

### A. Plaintiff Elizabeth Varon

21.    In June of 2015, for approximately three (3) months, Plaintiff Elizabeth Varon worked as an "UberX" driver, driving forty (40) to fifty (50) hours per week. Plaintiff continues to drive for Uber but has significantly reduced her hours per week.

22.    After paying for employment related expenses, including gas and car repairs, Plaintiff earned approximately $300 to $350 per week.

23.    At all relevant times, Uber failed to compensate Plaintiff for any employment related expenses.

### B. Misclassification of Drivers

24.    Plaintiffs allege that Uber uniformly misclassifies all of its drivers as independent contractors when they should be classified and treated as employees.

6

25.     Uber exerts significant control over its drivers.  For example, upon signing a

license agreement to work for Uber, all new drivers must watch a training video demonstrating

how Uber wants its drivers to interact with customers.

26.     In addition, all drivers for Uber must maintain an average customer star

evaluation of at least 4.5 out of a possible 5 stars.  Instructions on how to improve one's star

rating are given to drivers who fall below this average in any given week.  If a driver fails to

maintain an average customer rating of 4.5, Uber will deactivate his or her ability to use the

application to pick up customers, an action tantamount to terminating the driver "at will," a

hallmark of an employee-employer relationship.

27.     Uber also unilaterally sets the fares for all rides and drivers are required to charge

the cost determined solely by Uber.

28.     As a result of its misclassification, Uber failed to provide Plaintiffs and other

similarly aggrieved employees with itemized wage statements, minimum wages, lawful meal and

rest periods, and reimbursement for necessary employment related expenses.  Uber also failed to

keep accurate payroll records showing aggrieved employees' hours worked and wages paid.

29.     Uber also retained all gratuities owed to aggrieved employees despite representing

to its customers and advertising that gratuity is included in the total cost of the car service.

30.     Uber specifically advertises to its customers that tips are included in the cost of

the fare:

## DO I NEED TO TIP MY DRIVER?

You don't need cash when you ride with Uber. Once you arrive at your destination, your fare is automatically charged to your credit
card on file – there's no need to tip.

7

31.    Despite Uber's representation that gratuity is included in the cost of the fare, Uber drivers are not compensated for gratuities.  Significantly, Uber specifically instructs its drivers to refuse a cash gratuity if offered.

## COUNT I
## TORTIOUS INTERFERENCE WITH CONTRACT & BUSINESS RELATIONS

32.    Plaintiffs, on behalf of themselves and the proposed class, repeat and reallege all preceding paragraphs as if fully set forth herein.

33.    Defendants' website sets forth:

## DO I NEED TO TIP MY DRIVER?

You don't need cash when you ride with Uber. Once you arrive at your destination, your fare is automatically charged to your credit card on file — there's no need to tip.

34.    Defendants' conduct, in failing to remit the total proceeds of gratuities to drivers, constitutes unlawful tortious interference with the contractual and/or advantageous relationship that exists between the drivers and customers, under state common law.

35.    Defendants' conduct, informing customers "there is no need to tip," constitutes unlawful tortious interference with the contractual and/or advantageous relationship that exists between the drivers and customers, under Maryland common law.

36.    Plaintiffs had a contract and/or cognizable business relations with customers, Defendants' were aware of those contracts and/or business relations, intentionally or negligently procured the breach of those contracts and/or business relations, and caused Plaintiffs damages thereby.

## COUNT II
## BREACH OF CONTRACT

8

37.     Plaintiff, on behalf of herself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

38.     Defendants' conduct constitutes a breach of contract under state common law. Defendants have a contract with the drivers to remit to them the total proceeds of all gratuities.

39.     At all times, Uber withheld and continues to withhold gratuities given by customers to Uber drivers and/or gratuities that are incorporated into the set fare.

40.     Uber's withholding of these gratuities constitutes a breach of contract.

## COUNT III
## UNJUST ENRICHMENT

41.     Plaintiff, on behalf of herself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

42.     Defendants unlawfully retained gratuities owed to the drivers.

43. .   As a result, Defendants have been unjustly enriched through their retention of a portion of the gratuities owed to the drivers.

44.     Plaintiffs and the class members are entitled to restitution for their full share of the proceeds of the improperly retained gratuities.

## COUNT IV
## CONVERSION

45.     Plaintiff, on behalf of herself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

46.     Defendants unlawfully took Plaintiffs' property, namely tips and money spent for expenses, without Plaintiffs' permission.

47.     As a result, Plaintiffs were harmed and class members are entitled to restitution for their full share of proceeds, as well as treble damages.

## COUNT V
## UNFAIR COMPETITION

48.     Plaintiff, on behalf of herself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

49.     Defendants' activities have caused confusion with, or have been mistaken for, Plaintiffs' activities in the mind of the public, or are likely to cause such confusion or mistake; or Defendants have acted unfairly in some manner.

50.     Plaintiffs' property rights, specifically gratuities and expenses, were misappropriated by Defendants for their commercial advantage.

51.     Defendants unjustly profited by Plaintiffs' expenditure of time, labor and talent.

## COUNT VI
## FRAUD AND/OR INTENTIONAL OR NEGLIGENT MISREPRESENTATION

52.     Plaintiff, on behalf of herself and the proposed class, repeats and realleges all preceding paragraphs as if fully set forth herein.

53.     Defendants made a material representation of fact, that Plaintiffs would receive gratuities, which was untrue, which Defendants knew was an untrue statement at the time, with the intent to deceive, which Plaintiffs justifiably relied upon, causing Plaintiffs to incur damages.

54.     Defendants also informed Plaintiff and proposed class members that they would receive a cancellation fee refund if a passenger cancelled, which Defendants knew was an untrue statement at the time, with the intent to deceive, which Plaintiff justifiably relied upon, causing Plaintiff to incur damages.

55.     Defendants made a material representation of fact, that Plaintiff would receive a card for discounted gas, which Defendants knew was an untrue statement at the time, with the intent to deceive, which Plaintiff justifiably relied upon, causing Plaintiff to incur damages.

## COUNT VII
## VIOLATIONS OF MARYLAND LABOR LAW

56.     Plaintiffs, on behalf of themselves and the proposed class, repeat and reallege all preceding paragraphs as if fully set forth herein.

57.     Despite the existence of an agreement indicating Plaintiffs are independent contractors, the treatment of Plaintiffs and control exercised by Uber indicate that Plaintiffs are employees.

58.     Plaintiffs seek damages pursuant to Maryland Labor Law for violations of the following sections:

> a.  Failure to pay minimum wages in violation of Maryland Labor Law § 3-413;
>
> b.  Failure to pay overtime compensation in violation of Maryland Labor Law § 3-420;
>
> c.  failure to keep required payroll records in violation of Labor Law §260.8;

59.     As a result of Uber's violations, Plaintiffs are entitled to recover damages associated with the wages and benefits withheld in violation of Maryland Labor Law, as well as attorneys' fees pursuant to Maryland Labor Law § 3-507(b)(2).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the proposed class, request relief against the Defendants as follows:

> a.  An award of damages, including compensatory, punitive, and treble damages, and back pay, in an amount to be determined at trial;
>
> b.  Notice to the Classes of the action;
>
> c.  An injunction against Defendants prohibiting Defendants from engaging in each of the unlawful practices, policies and patterns set forth herein;

11