IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ELIZABETH VARON, individually,   *
 and on behalf of all others
 similarly situated              *

        Plaintiff              *

          vs.                  *    CIVIL ACTION NO. MJG-15-3650

UBER TECHNOLOGIES, INC. and     *
RAISER, LLC
                               *
        Defendants
*      *      *      *      *      *      *      *      *

MEMORANDUM RE: ARBITRATION

The Court has before it Defendants' Motion to Dismiss, to
Compel Individual Arbitration, and to Strike Class Allegations
[ECF No. 12] and the materials submitted relating thereto.  The
Court has reviewed the exhibits and considered the materials
submitted by the parties. The Court finds a hearing unnecessary.


I.   INTRODUCTION

   A.   Procedural Background

   In this putative class action, Plaintiff Elizabeth Varon
("Varon") sues Defendants Uber Technologies, Inc. ("Uber") and a
subsidiary, Rasier, LLC[1] ("Rasier").  On September 22, 2015,
Varon, an Uber driver, filed suit in the Circuit Court for
Baltimore County asserting claims set forth in seven Counts:

_____

[1]   Rasier, LLC was misspelled in Plaintiff's Complaint as
Raiser.

- Count I – Tortious Interference with Contract & Business Relations (relating to gratuities);

- Count II – Breach of Contract (relating to gratuities not paid to drivers);

- Count III – Unjust Enrichment (relating to gratuities not paid to drivers);

- Count IV – Conversion (relating to gratuities not paid and driving expenses not reimbursed);

- Count V – Unfair Competition (relating to misappropriation of gratuities and driving expenses);

- Count VI – Fraud and/or Intentional or Negligent Misrepresentation (relating to gratuities, cancellation fees, and discounted gas cards);

- Count VII – Violations of Maryland Labor Law (relating to Uber's treating drivers as employees but not paying them as employees).

Defendants removed the case to this Court on November 30, 2015 pursuant to 28 U.S.C. § 1332.  On December 7, 2015, Defendants filed the instant motion.  While the motion was pending, a plaintiff in a similar case sought to have the instant case, and 6 others, joined in a Multidistrict proceeding.  On February 3, 2016, the United States Judicial Panel on Multidistrict Litigation rejected the effort. Order Denying Transfer, ECF No. 19.

The Court herein addresses the instant motion.

B.    Factual Setting

At all times relevant hereto, Rasier offered a smartphone application ("the Uber App") that connects riders looking for transportation to transportation providers ("Drivers") who are looking for riders.  The app also provides the opportunity to become an Uber driver.  On or about April 8, 2015, Varon used the Uber App to sign up to become an Uber driver.  Varon's account as an Uber driver was activated on June 13, 2015. On June 18, 2015, she accepted – through the Uber App – the November 10, 2014 Rasier Software License and Online Services Agreement ("the Rasier Agreement").

The Rasier Agreement contains an arbitration clause ("the Arbitration Provision").  Briefly stated,[2] the Arbitration Provision applies to "any disputes arising out of or related to [the Rasier Agreement]."  Decl. Ex. C at 26, § 15.3, ECF No. 12.2.

The provision states:

> Except as it otherwise provides, this Arbitration Provision is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration. This Arbitration Provision requires all such disputes to be resolved only by an arbitrator through final and binding arbitration on an Individual basis only and

---

[2]    See the Appendix for the full text of the Arbitration Provision.

not by way of court or jury trial, or by way
of class, collective, or representative
action.

Id. at 25.

The Arbitration Provision further states:

> IMPORTANT: This arbitration provision
> will require you to resolve any claim that
> you may have against the Company or Uber on
> an individual basis pursuant to the terms of
> the Agreement unless you choose to opt out
> of the arbitration provision.  This
> provision will preclude you from bringing
> any class, collective, or representative
> action against the Company or Uber. It also
> precludes you from participating in or
> recovering relief under any current or
> future class, collective, or representative
> action brought against the Company or Uber
> by someone else.

Id. at 24.

In addition, the Arbitration Provision delegates to the

arbitrator, any dispute regarding the scope of issues subject to

arbitration, stating in this regard:

> [Disputes within the scope of the agreement]
> include without limitation disputes arising
> out of or relating to interpretation or
> application of this Arbitration Provision,
> including the enforceability, revocability
> or validity of the Arbitration Provision or
> any portion of the Arbitration Provision.
> All such matters shall be decided by an
> Arbitrator and not by a court or judge.

Id. at 25-26.

The Rasier Agreement does not require a Driver applicant to

agree to the Arbitration Provision and provides a 30-day period

during which the Driver may opt out.  Varon agreed to the Rasier

Agreement on June 20, 2015 and did not opt out of the

Arbitration Provision within 30 days (by July 20, 2015).

Therefore, on September 22, 2015, when Varon filed the instant

law suit, she was subject to the Arbitration Provision if it was

enforceable.

The issue presented by the instant motion is whether

Defendants can enforce the Arbitration Provision to require

dismissal of the instant case and, thereby, require Plaintiff to

proceed in arbitration.


II.  LEGAL SETTING

The Federal Arbitration Act ("FAA") reflects a strong

federal policy favoring arbitration, and courts are thus

required "rigorously [to] enforce agreements to arbitrate."

Shearson/American Exp., Inc. v. McMahon, 482 U.S. 220, 226

(1987).  However, this liberal policy does not operate to compel

arbitration of issues that do not fall within the scope of the

parties' arbitration agreement.

Before compelling an unwilling party to arbitration, a

court must "engage in a limited review to ensure that the

dispute is arbitrable - i.e., that a valid agreement to

arbitrate exists between the parties and that the specific

dispute falls within the substantive scope of that agreement." Murray v. United Food and Commercial Workers Int'l Union, 289 F.3d 297, 302 (4th Cir. 2002).  The party seeking to arbitrate must establish only two facts: "(1) [t]he making of the agreement and (2) the breach of the agreement to arbitrate." Mercury Constr. Corp. v. Moses H. Cone Mem'l Hosp., 656 F.2d 933, 939 (4th Cir. 1981).  The Court must particularly "avoid reaching the merits of arbitrable issues." Id. (citing Drivers, Chauffeurs, etc. v. Akers Motor Lines, 582 F.2d 1336, 1342 (4th Cir. 1978)).

III. DISCUSSION

If enforced against Plaintiff, the Arbitration Provision would require dismissal of the instant case and require Plaintiff to pursue her claims in an arbitration proceeding, with all issues regarding the interpretation of the agreement delegated to an arbitrator.  The Arbitration Provision provides that the parties agreed to "delegate to arbitration threshold issues related to the enforceability and validity of the arbitration agreement."  Mot. Mem. 2, ECF 12-1.

As pertinent to the instant motion,[3] Varon contends that:

---
[3]   Presenting the threshold question of whether the Court or an arbitrator decides issues regarding the enforceability of the Arbitration Provision.

- The Arbitration Provision is unenforceable as unconscionable.

- The Arbitration Provision did not clearly and unmistakably delegate threshold issues to an arbitrator and, if it did, that delegation was unconscionable.

Opp'n 3, ECF No. 16.

At the threshold, the Court must determine whether the Court or an arbitrator shall decide the enforceability and validity of the Arbitration Provision.


A.   The Arbitration Provision is Enforceable

"Whether an arbitration agreement exists depends on 'state-law principles that govern the formation of contracts.'" Baker v. Antwerpen Motorcars Ltd., 807 F. Supp. 2d 386, 389 (D. Md. 2011)(quoting First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 945 (1995)). But "unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445-46 (2006). "The 'heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration.'" Levin v. Alms & Assocs., Inc., 634 F.3d 260, 266 (4th Cir. 2011)(quoting

Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 867 F.2d
809, 812 (4th Cir. 1989)).

### 1.   Maryland Law Applies

"A federal court sitting in diversity is required to apply
the substantive law of the forum state, including its choice-of-
law rules." Francis v. Allstate Ins. Co., 709 F.3d 362, 369 (4th
Cir. 2013) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79
(1938); Klaxon Co. v. Stentor Elec. Mfg. Co., Inc., 313 U.S.
487, 496 (1941)).  As to a contract claim, Maryland applies the
law of the state where the contract was made ("lex loci
contractus"), unless the parties to the contract agreed to be
bound by the law of another state. See, e.g., Am. Motorists Ins.
Co. v. ARTRA Group, Inc., 659 A.2d 1295, 1301 (1995).  "Where
the contract is made is defined as where the last act is
performed which makes the agreement a binding contract."
Francis, 709 F.3d at 370 (citation omitted).  Varon agreed to
the Arbitration Provision as part of the Rasier Agreement in
Maryland.

The Rasier Agreement contains a California choice of law
provision.  However, "[a]s a matter of substantive federal
arbitration law, an arbitration provision is severable from the
remainder of the contract." Buckeye Check Cashing, 546 U.S. at

445).   The Arbitration Provision, severable from the other
provisions in the Rasier Agreement, has no choice-of-law
provision.   Accordingly, with regard to the Arbitration
Provision, a separate contract formed in Maryland, the Court
shall apply Maryland law.[4]

        2.   The Arbitration Provision is not Unconscionable

     "Under Maryland law, an unconscionable contract is void."
Rose v. New Day Fin., LLC, 816 F. Supp. 2d 245, 256 (D. Md.
2011) (citing Walther v. Sovereign Bank, 872 A.2d 735, 743 (Md.
2005)).   To find a contract unconscionable, the Court must find
both procedural and substantive unconscionability.   See id.
("Maryland courts require that a showing of procedural
unconscionability—one party's lack of meaningful choice in
making the contract—and substantive unconscionability—contract
terms that unreasonably favor the more powerful party—to void
the contract."); see also Holloman v. Circuit City Stores, Inc.,
894 A.2d 547, 560 (2006) ("The prevailing view is that

---

[4]     The Court finds immaterial that in cases involving the
Rasier Agreement, presenting disputes between California
citizens and a contract formed in California, the district court
applied California law to the Arbitration Provision. Mohamed v.
Uber Techs., Inc., No. C-14-5200 EMC, 2015 WL 3749716 (N.D. Cal.
June 9, 2015) and O'Connor v. Uber Techs., Inc., No. 13-cv-
03826-EMC, 2015 WL 8292006 (N.D. Cal. Dec. 9, 2015)). In those
cases, California law would be applicable with, or without a
California choice-of-law provision in the Rasier Agreement.

procedural and substantive unconscionability must both be
present in order for a court to exercise its discretion to
refuse to enforce a contract or clause under the doctrine of
unconscionability." (citations omitted)).

       a.   <u>It is Not Procedurally Unconscionable</u>

Varon contends that the Arbitration Provision is
procedurally unconscionable because it is a contract of
adhesion.  Opp'n 16-19, ECF No. 16.  Varon states that "she had
no meaningful opportunity to negotiate any terms" and was
required to "either wholly accept the agreement, or not work for
Uber."  <u>Id.</u> at 19.

"A contract of adhesion is not automatically deemed <u>per se</u>
unconscionable."  <u>Walther</u>, 872 A.2d at 746.  Rather, a court
will take special care in its review of the contract and its
terms.  <u>Id.</u> at 746-47.   In any event, the Arbitration Provision
is not a contract of adhesion.

An applicant is not required to agree to the Arbitration
Provision as a condition to becoming a Driver pursuant to the
Rasier Agreement.  Indeed, after entering into the Rasier
Agreement the driver – but not Rasier or Uber – may opt-out of
the Arbitration Provision within 30 days. This option is clearly
stated, with a notice in larger font in the first section of the

10

Arbitration Provision, entitled "Important Note Regarding this

Arbitration provision":

> IMPORTANT: This arbitration provision
> will require you to resolve any claim that
> you may have against the Company or Uber on
> an individual basis pursuant to the terms of
> the Agreement <u>unless you choose to opt out</u>
> of the arbitration provision.

Decl. Ex. C at 24, § 15.3, ECF No. 12.2 (emphasis added).  The

last paragraph of that section is in large font, bold, and

uppercase, stating:

> WHETHER TO AGREE TO ARBITRATION IS AN
> IMPORTANT BUSINESS DECISION. IT IS YOUR
> DECISION TO MAKE, AND YOU SHOULD NOT RELY
> SOLELY UPON THE INFORMATION PROVIDED IN THIS
> AGREEMENT AS IT IS NOT INTENDED TO CONTAIN A
> COMPLETE EXPLANATION OF THE CONSEQUENCES OF
> ABRITRATION. YOU SHOULD TAKE REASONABLE
> STEPS TO CONDUCT FURTHER RESEARCH AND TO
> CONSULT WITH OTHERS – INCLUDING BUT NOT
> LIMITED TO AN ATTORNEY – REGARDING THE
> CONSEQUENCES OF YOUR DECISION, JUST AS YOU
> WOULD WHEN MAKING ANY OTHER IMPORTANT
> BUSINESS OR LIFE DECISION.

<u>Id.</u> at 25.

Moreover, in a later section entitled "viii. Your Right to

Opt Out of Arbitration," the Arbitration Provision states:

> <u>Arbitration is not a mandatory</u>
> <u>condition of your contractual relationship</u>
> <u>with the Company</u>. If you do not want to be
> subject to this Arbitration Provision, <u>you</u>
> <u>may opt out of this Arbitration Provision</u> by
> notifying the Company in writing of your
> desire to opt out of this Arbitration
> Provision, either by (1) sending, within 30
> days of the date this Agreement Is executed

by you, electronic mail to <u>optout@uber.com</u>,
stating your name and Intent to opt out of
the Arbitration Provision or (2) by sending
a letter by U.S. Mail, or by any nationally
recognized delivery service (e.g, UPS,
Federal Express, etc.), or by hand delivery
to: [Rasier's Legal Department address.]

In order to be effective, the letter
under option (2) must clearly indicate your
Intent to opt out of this Arbitration
Provision, and must be dated and signed. The
envelope containing the signed letter must
be received (if delivered by hand) or post-
marked within 30 days of the date this
Agreement is executed by you. Your writing
opting out of this Arbitration Provision,
whether sent by (1) or (2), will be filed
with a copy of this Agreement and maintained
by the Company.  Should you not opt out of
this Arbitration Provision within the 30-day
period, you and the Company shall be bound
by the terms of this Arbitration Provision.
You have the right to consult with counsel
of your choice concerning this Arbitration
Provision. You understand that <u>you will not
be subject to retaliation</u> if you exercise
your right to assert claims or opt-out of
coverage under this Arbitration Provision.

<u>Id.</u> at 28-29 (emphasis added).

This Arbitration Provision, with a clearly-stated
opportunity to opt-out without retaliation, is not procedurally
unconscionable.  <u>See</u> <u>Freedman v. Comcast Corp.</u>, 988 A.2d 68, 86
(Md. Ct. Spec. App. 2010) (rejecting the argument that an
arbitration provision was procedurally unconscionable because
customers could reject the arbitration provision with "<u>no effect</u>
on the rest of the agreement." (emphasis in original)).

12

                    b.   It is Not Substantively Unconscionable

      "Substantive unconscionability is concerned with the
fairness of the terms in the contract. It is present when the
terms of the contract are so one-sided as to be overly
oppressive or unduly harsh to one of the parties."[5]

      Varon contends that the Arbitration Provision, and
specifically the delegation clause, is substantively
unconscionable because she "would be subject to hefty fees to
arbitrate . . . because the arbitration fee provisions require
costs to be shared . . . ."  Opp'n 19, ECF No. 16.

      There are two fee-splitting clauses.  The first states:

            Unless the law requires otherwise, as
            determined by the Arbitrator based upon the
            circumstances presented, you will be
            required to split the cost of any
            arbitration with the Company.

Decl. Ex. C at 24, § 15.3, ECF No. 12.2.  The second, in a
section entitled "vi. Paying For The Arbitration" states:

            Each party will pay the fees for his,
            her or its own attorneys, subject to any
            remedies to which that party may later be
            entitled under applicable law (i.e., a party
            prevails on a claim that provides for the
            award of reasonable attorney fees to the
            prevailing party).  In all cases where
            required by law, the Company will pay the
            Arbitrator's and arbitration fees. If under
            applicable law the Company is not required

_____
[5]   Sena v. Uber Techs. Inc., No. CV-15-02418 (D. Ariz. April 7,
2016) [Ex. A, ECF No. 22] (citations omitted).

> to pay all of the Arbitrator's and/or
> arbitration fees, such fee(s) will be
> apportioned equally between the Parties or
> as otherwise required by applicable law. Any
> disputes in that regard will be resolved by
> the Arbitrator.

Id. at 28.

Like the Plaintiff in Sena, Varon has not adequately presented alleged facts supporting a contention that the fee-splitting provision would require her to bear costs that would be prohibitively expensive for her.  See, e.g., Bradford v. Rockwell Semiconductor Sys., Inc., 238 F.3d 549, 556 n. 5 (4th Cir. 2001) (rejecting argument that arbitration clause containing a fee-splitting provision which required employee to share the arbitration costs and pay half the arbitrator's fee rendered the arbitration agreement per se unenforceable).

Varon also contends that the class action waiver is substantively unconscionable.  Opp'n at 23, ECF No. 16.  This Court agrees with the "[n]umerous courts, both federal and state, [that] have rigorously enforced no-class-action provisions in arbitration agreements and found them to be valid provisions of such agreements and not unconscionable." Walther, 872 A.2d at 750.

Finally, the Court observes that if Varon truly believed that any aspect of the Arbitration Provision was unconscionable

or otherwise not to her liking, she had no obligation whatever
to agree to it.

### 3.   The Delegation Clause is Enforceable

The Arbitration Provision includes a delegation clause
providing that "all [disputes within the scope of the
Arbitration Provision] shall be decided by an Arbitrator and not
by a court or judge."  Decl. Ex. C at 26, § 15.3, ECF No. 12.2.
The parties to an arbitration agreement may delegate such
decisions to an arbitrator.   Rent-A-Ctr., W., Inc. v. Jackson,
561 U.S. 63, 69-70 (2010).  However, "[c]ourts should not assume
that the parties agreed to arbitrate arbitrability unless there
is clear and unmistakable evidence that they did so."  Kaplan,
514 U.S. at 944 (1995) (citations omitted).

Varon contends that the Arbitration Provision did not
clearly and unmistakably delegate the decisional authority at
issue to an arbitrator.  She further contends that the
delegation clause is unconscionable.

As discussed herein, the Court finds that delegation clause
is a valid and enforceable agreement that was clearly and
unmistakably communicated and is neither procedurally nor
substantively unconscionable.  Accordingly, the arbitrator has

exclusive authority to resolve any dispute related to the enforceability of the Arbitration Provision.

a.    The Clause is Clear and Unmistakable

The Arbitration Provision, limited to its "four corners," provides clear and unmistakable delegation of arbitrability to the arbitrator.  For example, it states that "[t]his Arbitration Provision requires all such disputes to be resolved only by an arbitrator. . . ."  Decl. Ex. C at 25, § 15.3, ECF No. 12.2.  It further specifies:

> Such disputes include without limitation
> disputes arising out of or relating to
> interpretation or application of this
> Arbitration Provision, including the
> enforceability, revocability or validity of
> the Arbitration Provision or any portion of
> the Arbitration Provision.  All such matters
> shall be decided by an Arbitrator and not by
> a court or judge.

Id. at 25-26.

The delegation clause within the Arbitration Provision is neither hidden nor buried. It is included under the heading "i. How This Arbitration Provision Applies."  Id. at 25.

Varon contends that a difference between the scope of the California choice-of-law provision in the Rasier Agreement and the scope of the delegation clause renders the delegation clause unclear.  Opp'n 15, ECF No. 16.  The Court, agreeing with the

<u>Sena</u> court, finds that the plain language of the delegation clause, severed from the Rasier Agreement, clearly and unmistakably provides for the threshold issue of arbitrability to be determined by the arbitrator.   See <u>Sena v. Uber Techs. Inc., et al</u>., No. CV-15-02418 (D. Ariz. April 7, 2016) [Ex. A, ECF No. 22] (applying strict severability principles and confining its analysis to the discrete agreement to arbitrate, the court concluded that similar delegation language has been deemed sufficiently clear and unmistakable).

b.   <u>The Delegation Clause is not Unconscionable</u>

The Court has heretofore addressed Varon's contention that the Arbitration Provision is unconscionable and found that it was not.   Varon has presented no additional reason to find that the delegation clause, separate from the Arbitration Provision, is unconscionable.

IV.   <u>CONCLUSION</u>

For the foregoing reasons:

    1.    Defendants' Motion to Dismiss, to Compel
            Individual Arbitration, and to Strike Class
            Allegations [ECF No. 12] is GRANTED.

    2.    Judgment shall be entered by separate Order.

SO ORDERED, on <u>Tuesday, May 3, 2016</u>.


                        _____/s/_____
                        Marvin J. Garbis
                United States District Judge

# APPENDIX

**15.3   Arbitration Provision**

Important Note Regarding this Arbitration provision:

- Arbitration does not limit or affect the legal claims you may bring against the Company. Agreeing to arbitration only affects where any such claims may be brought and how they will be resolved.

- Arbitration is a process of private dispute resolution that does not involve the civil courts, a civil judge, or a jury.  Instead, the parties' dispute is decided by a private arbitrator selected by the parties using the process set forth herein.  Other arbitration rules and procedures are also set forth herein.

- Unless the law requires otherwise, as determined by the Arbitrator based upon the circumstances presented, you will be required to split the cost of any arbitration with the Company.

- IMPORTANT: This arbitration provision will require you to resolve any claim that you may have against the Company or Uber on an individual basis pursuant to the terms of the Agreement unless you choose to opt out of the arbitration provision.  This provision will preclude you from bringing any class, collective, or representative action against the Company or Uber.  It also precludes you from participating in or recovering relief under any current or future class, collective, or representative action brought against the Company or Uber by someone else.

  - *Cases have been filed against Uber and may be filed in the future involving claims by users of the Service, including by drivers.  You should assume that there are now, and may be in the future, lawsuits against the Company or Uber alleging class, collective, and/or representative claims on your behalf, including but not limited to claims for tips, reimbursement of expenses, and employment status.  Such claims, if successful, could result in some monetary recovery to you.  (THESE CASES NOW INCLUDE, FOR EXAMPLE, LAVITMAN V.*

1

*UBER TECHNOLOGIES, INC., ET AL., CASE NO. 1:13-cv-10172-DJC (DISTRICT OF MASSACHUSETTS) ; YUCESOY ET AL. V. UBER TECHNOLOGIES, INC., ET AL., CASE NO. 14-0576-C (MASSACHUSETTS SUPERIOR COURT); AND O'CONNOR V. UBER TECHNOLOGIES, INC., ET AL., CASE NO. CV 13-03826-EMC (NORTHERN DISTRICT OF CALIFORNIA).*

- o **The mere existence of such class, collective, and/or representative lawsuits, however, does not mean that such lawsuits will ultimately succeed. But if you do agree to arbitration with the Company, you are agreeing in advance that you will not participate in and therefore, will not seek to recover monetary or other relief under any such class, collective, and/or representative lawsuit.**

- o **However, as discussed above, if you agree to arbitration, you will not be precluded from bringing your claims against the Company or Uber in an individual arbitration proceeding. If successful on such claims, you could be awarded money or other relief by an arbitrator (subject to splitting the cost of arbitration as mentioned above).**

**WHETHER TO AGREE TO ARBITRATION IS AN IMPORTANT BUSINESS DECISION. IT IS YOUR DECISION TO MAKE, AND YOU SHOULD NOT RELY SOLELY UPON THE INFORMATION PROVIDED IN THIS AGREEMENT AS IT IS NOT INTENDED TO CONTAIN A COMPLETE EXPLANATION OF THE CONSEQUENCES OF ABRITRATION. YOU SHOULD TAKE REASONABLE STEPS TO CONDUCT FURTHER RESEARCH AND TO CONSULT WITH OTHERS — INCLUDING BUT NOT LIMITED TO AN ATTORNEY — REGARDING THE CONSEQUENCES OF YOUR DECISION, JUST AS YOU WOULD WHEN MAKING ANY OTHER IMPORTANT BUSINESS OR LIFE DECISION.**

    i.    <u>How This Arbitration Provision Applies</u>.

This Arbitration Provision is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (the "FAA") and evidences a transaction involving commerce. This Arbitration Provision applies to any dispute arising out of or related to this Agreement or termination of the Agreement and survives after the Agreement terminates. Nothing contained in this Arbitration Provision shall be construed to prevent or excuse you from utilizing any procedure for resolution of complaints established in this Agreement (if any), and this Arbitration Provision is not intended to be a substitute for the utilization of such procedures.

**Except as it otherwise provides, this Arbitration Provision is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration. This Arbitration Provision requires all such disputes to be resolved only by an arbitrator through final and binding arbitration on an individual basis only and not by way of court or jury trial, or by way of class, collective, or representative action.**

Such disputes include without limitation disputes arising out of or relating to interpretation or application of this Arbitration Provision, including the enforceability, revocability or validity of the

Arbitration Provision or any portion of the Arbitration Provision. All such matters shall be decided by an Arbitrator and not by a court or judge.

Except as it otherwise provides, this Arbitration Provision also applies, without limitation, to disputes arising out of or related to this Agreement and disputes arising out of or related to your relationship with the Company, including termination of the relationship. This Arbitration Provision also applies, without limitation, to disputes regarding any city, county, state or federal wage-hour law, trade secrets, unfair competition, compensation, breaks and rest periods, expense reimbursement, termination, harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by the Company and covered by the Employee Retirement Income Security Act of 1974 or funded by insurance), Genetic Information Non-Discrimination Act, and state statutes, if any, addressing the same or similar subject matters, and all other similar federal and state statutory and common law claims.

This Agreement is intended to require arbitration of every claim or dispute that lawfully can be arbitrated, except for those claims and disputes which by the terms of this Agreement are expressly excluded from the Arbitration Provision.

The parties expressly agree that Uber is an intended third-party beneficiary of this Arbitration Provision.

ii.   Limitations On How This Agreement Applies.

The disputes and claims set forth below shall not be subject to arbitration and the requirement to arbitrate set forth in this Arbitration Provision shall not apply:

Claims for workers compensation, state disability insurance and unemployment insurance benefits;

Regardless of any other terms of this Arbitration Provision, claims may be brought before and remedies awarded by an administrative agency if applicable law permits access to such an agency notwithstanding the existence of an agreement to arbitrate. Such administrative claims include without limitation claims or charges brought before the Equal Employment Opportunity Commission (www.eeoc.gov), the U.S. Department of Labor (www.dol.gov), the National Labor Relations Board (www.nlrb.gov), or the Office of Federal Contract Compliance Programs (www.dol.gov/esa/ofccp). Nothing in this Arbitration Provision shall be deemed to preclude or excuse a party from bringing an administrative claim before any agency in order to fulfill the party's obligation to exhaust administrative remedies before making a claim in arbitration;

Disputes that may not be subject to predispute arbitration agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203) are excluded from the coverage of this Arbitration Provision;

Disputes regarding your, the Company's, or Uber's intellectual property rights;

This Arbitration Provision shall not be construed to require the arbitration of any claims against a contractor that may not be the subject of a mandatory arbitration agreement as provided by section 8116 of the Department of Defense ("DoD") Appropriations Act for Fiscal Year 2010 (Pub. L. 111-118), section 8102 of the Department of Defense ("DoD") Appropriations Act for Fiscal Year 2011 (Pub. L. 112-

3

10, Division A), and their implementing regulations, or any successor DoD appropriations act addressing the arbitrability of claims.

    iii.    <u>Selecting The Arbitrator and Location of the Arbitration</u>.

The Arbitrator shall be selected by mutual agreement of the Company and you.  Unless you and the Company mutually agree otherwise, the Arbitrator shall be an attorney licensed to practice in the location where the arbitration proceeding will be conducted or a retired federal or state judicial officer who presided in the jurisdiction where the arbitration will be conducted.  If the Parties cannot agree on an Arbitrator, then an arbitrator will be selected using the alternate strike method from a list of five (5) neutral arbitrators provided by JAMS (Judicial Arbitration & Mediation Services).  You will have the option of making the first strike.  If a JAMS arbitrator is used, then the JAMS Streamlined Arbitration Rules & Procedures rules will apply.  Those rules are available here:

http://www.jamsadr.com/rules-streamlined-arbitration/

The location of the arbitration proceeding shall be no more than 45 miles from the place where you last provided transportation services under this Agreement, unless each party to the arbitration agrees in writing otherwise.

    iv.    <u>Starting The Arbitration</u>.

All claims in arbitration are subject to the same statutes of limitation that would apply in court.  The party bringing the claim must demand arbitration in writing and deliver the written demand by hand or first class mail to the other party within the applicable statute of limitations period.  The demand for arbitration shall include identification of the Parties, a statement of the legal and factual basis of the claim(s), and a specification of the remedy sought. Any demand for arbitration made to the Company or Uber shall be provided to Legal, Rasier, LLC, 1455 Market St., Ste. 400, San Francisco CA 94103.  The arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration. A party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy, but only upon the ground that the award to which that party may be entitled may be rendered ineffectual without such provisional relief.

    v.    <u>How Arbitration Proceedings Are Conducted</u>.

In arbitration, the Parties will have the right to conduct adequate civil discovery, bring dispositive motions, and present witnesses and evidence as needed to present their cases and defenses, and any disputes in this regard shall be resolved by the Arbitrator.

**You and the Company agree to resolve any dispute in arbitration on an individual basis only, and not on a class, collective, or private attorney general representative action basis. The Arbitrator shall have no authority to consider or resolve any claim or issue any relief on any basis other than an individual basis.**  If at any point this provision is determined to be unenforceable, the parties agree that this provision shall not be severable, unless it is determined that the Arbitration may still proceed on an individual basis only.

While the Company will not take any retaliatory action in response to any exercise of rights you may have under Section 7 of the National Labor Relations Act, if any, the Company shall not be precluded

from moving to enforce its rights under the FAA to compel arbitration on the terms and conditions set forth in this Agreement.

    vi.    <u>Paying For The Arbitration</u>.

Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law (i.e., a party prevails on a claim that provides for the award of reasonable attorney fees to the prevailing party).  In all cases where required by law, the Company will pay the Arbitrator's and arbitration fees. If under applicable law the Company is not required to pay all of the Arbitrator's and/or arbitration fees, such fee(s) will be apportioned equally between the Parties or as otherwise required by applicable law. Any disputes in that regard will be resolved by the Arbitrator.

    vii.    <u>The Arbitration Hearing And Award</u>.

The Parties will arbitrate their dispute before the Arbitrator, who shall confer with the Parties regarding the conduct of the hearing and resolve any disputes the Parties may have in that regard.  Within 30 days of the close of the arbitration hearing, or within a longer period of time as agreed to by the Parties or as ordered by the Arbitrator, any party will have the right to prepare, serve on the other party and file with the Arbitrator a brief.  The Arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to those that would be available to a party in his or her individual capacity in a court of law for the claims presented to and decided by the Arbitrator, and no remedies that otherwise would be available to an individual in a court of law will be forfeited by virtue of this Arbitration Provision. The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law.  Except as may be permitted or required by law, as determined by the Arbitrator, neither a party nor an Arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of all Parties.  A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration.  The Arbitrator shall not have the power to commit errors of law or legal reasoning, and the award may be vacated or corrected on appeal to a court of competent jurisdiction for any such error.

    viii.    <u>Your Right To Opt Out Of Arbitration</u>.

Arbitration is not a mandatory condition of your contractual relationship with the Company.  If you do not want to be subject to this Arbitration Provision, you may opt out of this Arbitration Provision by notifying the Company in writing of your desire to opt out of this Arbitration Provision, either by (1) sending, within 30 days of the date this Agreement is executed by you, electronic mail to optout@uber.com, stating your name and intent to opt out of the Arbitration Provision or (2) by sending a letter by U.S. Mail, or by any nationally recognized delivery service (e.g, UPS, Federal Express, etc.), or by hand delivery to:

Legal
Rasier, LLC

1455 Market St., Ste. 400
San Francisco CA 94103

In order to be effective, the letter under option (2) must clearly indicate your intent to opt out of this Arbitration Provision, and must be dated and signed. The envelope containing the signed letter must be received (if delivered by hand) or post-marked within 30 days of the date this Agreement is executed by you. Your writing opting out of this Arbitration Provision, whether sent by (1) or (2), will be filed with a copy of this Agreement and maintained by the Company. Should you not opt out of this Arbitration Provision within the 30-day period, you and the Company shall be bound by the terms of this Arbitration Provision. You have the right to consult with counsel of your choice concerning this Arbitration Provision. You understand that you will not be subject to retaliation if you exercise your right to assert claims or opt-out of coverage under this Arbitration Provision.

ix.    Enforcement Of This Agreement.

This Arbitration Provision is the full and complete agreement relating to the formal resolution of disputes arising out of this Agreement. Except as stated in subsection v, above, in the event any portion of this Arbitration Provision is deemed unenforceable, the remainder of this Arbitration Provision will be enforceable.

By clicking "I accept", you expressly acknowledge that you have read, understood, and taken steps to thoughtfully consider the consequences of this Agreement, that you agree to be bound by the terms and conditions of the Agreement, and that you are legally competent to enter into this Agreement with Company.

Decl. Ex. C at 24-29, § 15.3, ECF No. 12.2.