```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

ELIZABETH VARON, individually,  *
 and on behalf of all others
 similarly situated             *

                Plaintiff       *

          vs.                   *   CIVIL ACTION NO. MJG-15-3650

UBER TECHNOLOGIES, INC. and     *
RAISER, LLC
                                *
                Defendants
*    *     *     *     *    *    *    *    *
```

MEMORANDUM RE: RECONSIDERATION

The Court has before it Plaintiff's Motion for Reconsideration [ECF No. 25] and the materials submitted relating thereto.  The Court has reviewed the exhibits and considered the materials submitted by the parties. The Court finds a hearing unnecessary.

I.   PROCEDURAL BACKGROUND[1]

Plaintiff Elizabeth Varon ("Varon") sued Defendants Uber Technologies, Inc. ("Uber") and a subsidiary, Rasier, LLC[2] ("Rasier").  On May 3, 2016, this Court granted Defendant's motion to compel arbitration, and issued its Judgment Order [ECF

---

[1]   For a more detailed background, see Memorandum Re: Arbitration [ECF No. 23].
[2]   Rasier, LLC was misspelled in Plaintiff's Complaint as Raiser.

No. 24].  On May 17, 2016, Plaintiff timely filed the instant motion seeking reconsideration.

II. <u>LEGAL SETTING</u>

The United States Court of Appeals for the Fourth Circuit "ha[s] recognized that there are three grounds for amending an earlier judgment" under Rule 59(e):

> (1) to accommodate an intervening change in controlling law;
> (2) to account for new evidence not available at trial; or
> (3) to correct a clear error of law or prevent manifest injustice.

<u>Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998); <u>see also</u> <u>Weyerhaeuser Corp. v. Koppers Co.</u>, 771 F. Supp. 1406, 1419 (D. Md. 1991).

A motion for reconsideration "cannot be used to raise arguments which could, and should, have been made before [the determination on which reconsideration is sought was] issued." <u>Fed. Deposit Ins. Corp. v. Meyer</u>, 781 F.2d 1260, 1268 (7th Cir. 1986).  Stated differently, "'[a] motion to reconsider is not a license to reargue the merits or present new evidence.'"  <u>Gray-</u>

2

Hopkins v. Prince George's Cnty., Md., 201 F. Supp. 2d 523, 524 (D. Md. 2002) (citation omitted).

III. DISCUSSION

Varon contends that California law, rather than Maryland law, applies to the instant case.  Varon argues that if California law were applied, the Court would have found the Arbitration Provision and Delegation Clause in their contract unenforceable.  The Court does not agree.

Even if the Court were to analyze the validity of the Arbitration Provision under California law, it would not find it unconscionable.  Under California law, unconscionability consists of two elements: procedural and substantive unconscionability. Armendariz v. Found. Health Psychcare Servs., 24 Cal. 4th 83, 114 (2000). Both elements must "be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability." Carlson v. Home Team Pest Defense, Inc., 239 Cal. App. 4th 619, 630 (2015) (citation omitted).  "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the

3

conclusion that the term is unenforceable, and vice versa." Armendariz, 24 Cal. 4th at 114.

The procedural element of unconscionability "requires oppression or surprise," Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC, 55 Cal. 4th 223, 247 (2012), and looks to the "manner in which the contract was negotiated and the circumstances of the parties at that time." Gatton v. T-Mobile USA, Inc., 152 Cal. App. 4th 571, 581 (2007).  As discussed in detail in the Court's decision, the Arbitration Provision has a clearly-stated opportunity to opt-out within 30 days without retaliation.  Although drafted by the party of superior bargaining strength, it is not presented on a take-it-or-leave-it basis, so it is not an adhesive contract.  See, e.g., Kilgore v. KeyBank, Nat. Ass'n, 718 F.3d 1052, 1059 (9th Cir. 2013) (finding no procedural unconscionability where there was a clearly-labeled arbitration clause and an opt-out provision). Whether analyzed under Maryland law or California law, this Court finds no procedural unconscionability.

Because the arbitration provision is not procedurally unconscionable, there is no need for the Court to reach the question of substantive unconscionability. Kilgore, 718 F.3d at 1058.

Further, the Delegation Clause provides that "all [disputes within the scope of the Arbitration Provision] shall be decided by an Arbitrator and not by a court or judge." Decl. Ex. C at 26, § 15.3, ECF No. 12.2. The parties clearly and unmistakably agreed to arbitrate the threshold issue of arbitrability. See Rent-A-Ctr., W., Inc. v. Jackson, 561 U.S. 63, 68 (2010)(analyzing a similar delegation clause and finding a clear and unmistakable delegation of threshold questions to the arbitrator). Therefore, the enforceability of the Arbitration Provision is a question for the arbitrator rather than the Court.

IV.  CONCLUSION

For the foregoing reasons:

1. Plaintiff's Motion for Reconsideration [ECF No. 25] is DENIED.
2. The Judgment Order [ECF No. 24] issued herein remains in effect.

SO ORDERED, on Wednesday, July 20, 2016.

/s/
Marvin J. Garbis
United States District Judge

5